25-23-16 Maresca v. Richmond University Medical Center Ms. Maresca, whenever you're ready. Good morning. My name is Irene Maresca, and I would like to thank the court for hearing my argument. In this argument, I will show that I was discriminated against due to my religious beliefs. I will show that my rights were violated under Title VII of our Constitution. I will show that, one, I have a bona fide religious belief that conflicted with my job. Two, I notified my employer of this belief at the earliest possible time. And three, my employer failed to accommodate or even attempt to accommodate me despite being aware of the conflict. These three elements are the basis of my religious discrimination in the workplace case. This failure of the hospital led to my firing and financial loss, and a loss of a significant part of my pension. I have a strong and true Catholic faith. I'm a practicing Catholic. I went to Catholic school my whole life. My children went to Catholic school. I was married in the church. I used to be homebound Eucharistic minister, bringing communion to the people who couldn't get out to the Mass. I'm against abortion, which is the reason I opposed and could not take the COVID-19 vaccine, as it uses an aborted fetal cell line in its production. This is my religious belief that conflicted with the job. I only tell you this. I'm a very private person, but I only tell you about my faith because I know there's a lot of people who tried to get out of the vaccine, claiming their religion. But in my case, it is very true. So that is why I even said that small part. In my current job as a registered nurse, which I've been at for the past two and a half years, my employer honors my request not even to give the COVID vaccine. I don't give it either. It's no longer required for me to take it, but I don't administer it at all. So they did accommodate me just for the asking, and it was even in the interview process. It didn't even go past then. I worked in Richmond University Medical Center, abbreviated RUMC, for 32 years as a registered nurse. With my last 10 years in ICU, I worked all through COVID. I developed COVID antibodies after having COVID after exposure at my job. My blood work, taken by my attending doctor, Dr. Freilich, shows my positive titles to COVID in the early months of 2021, showing I had immunity to COVID. I applied for human resources at the earliest possible time of my request for religious exemption in writing. I believe this was early September 2021. I never received any response. Can I pause you for a second there with a question?  So you asked for an exemption from the vaccination requirement. Was that the only thing you asked for, or was there any other kind of accommodation that you would have wanted, like working remotely or something? Well, I did submit a letter requesting religious exemption. And then I know later on there was a three-page questionnaire that I had received the day before it was due. And I remember there being a part asking about special accommodation down there. And I remember, like, not specifically answering it. Like, in this time that this happened, like, I wasn't even thinking along those lines or even didn't even know quite what accommodation was. I just know that I had to get my application in for my request for religious exemption. And I was hoping that the hospital would talk to me about this. Well, your answer to Judge Park's question is that you didn't ask for an accommodation. No, I believe that I didn't ask for an accommodation, maybe possibly in my original letter. I might have said that I mentioned my . . . You might have said, did you or didn't you? Yes. You know, I would have to have the letter in front of me. I guess more specifically in the complaint. Is there anything in your complaint about requesting anything other than an exemption from the requirement? I didn't see it, but I just wanted to make sure. I think I worded it that I was requesting an exemption for the COVID vaccine. I don't believe I requested an accommodation at that time. I mean, had I gotten a chance to speak to somebody, you know, regarding my request, you know, okay. Did you ask to speak about your request? I mean, I guess that is another . . . My request was never responded to. It never got replied to. I never had that opportunity. Okay. Can I finish? Is that okay? Go ahead. So, after approximately six weeks, I sent another email to HR asking for the outcome to my request. I received a five-word answer, will be in touch, Ron. There was never any additional response. Three days before I was fired, I received in mid-November a blanket letter with my name on the outside envelope stating that no religious exemptions will be accepted, but medical exemptions would be. I believe it said if not vaccinated in three days, I could no longer be employed. For two and a half months, there was no response, and now I'm being fired, blaming the state. The hospital claims it's their defense that it would have been a financial hardship on the hospital to keep me. You can argue that the hospital's defense appears on the surface reasonable, but not when compared to another group of people, the medically exempt group, that were allowed exemptions with no claim of the hospital to be burdened for them. Why is one group a burden financially as the defendant states, but the other non-religious group not a burden financially for their accommodation request? All the points in the suit are secondary and not relevant if this first argument is examined. There's no need to speak about accommodations if we have discrimination in the first place. No need to speak of the fact that I was a special exception, the registered nurse who could not take the vaccine but had immunity from working in the COVID ICU. Treating two different groups of people doing the same job differently is discrimination. If the one group are being discriminated against because of their religious beliefs, then that is religious discrimination in the workplace under Title VII. In another point, on my last day, I had asked for a termination letter as I knew it was needed to receive unemployment. The vice president of nursing stated the hospital would not give me the letter and that I would not be entitled to unemployment. I was denied unemployment just like she said. The unemployment judge stated that the governor had changed the law stating that all people who refused the vaccine could not get unemployment. But I also discovered that if you were fired because of your religious beliefs, then you could possibly obtain unemployment as an exception. But RUMC didn't submit any information about my reason for being fired to unemployment, so I was denied unemployment as well. I did mention in my letter to HR in the three-page questionnaire that they asked me to submit to prove that my religious request was bona fide, that I had positive antibodies and titers to COVID-19. Like I just said, I believe I was a special exception. The registered nurse with a true religious conviction against the aborted fetal cell line using the vaccine who also had titers and immunity to COVID. The law states that the employer is supposed to try very earnestly to accommodate or at least try to accommodate the employee seeking religious exemption. The hospital did not try, so in blindly observing the mandate, they violated my religious rights. They had a responsibility to at least try to attempt to accommodate. Perhaps I could have weekly tested and stayed in my position, or maybe I could have had a temporary leave. As a good employee of 32 years, or even if I had only worked just one year, we do have constitutional rights. And even though the state had the mandate, the hospital was required to attempt to accommodate or at least even respond, even a response to my request. I got absolutely nothing. None of this happened. I come to the court as a last attempt for justice and also so that our rights are upheld in the future. And I did try to get a lawyer for this appeal, and I was not able to. This is very difficult for me, but I did try. I was unsuccessful. For the first case, I couldn't because I wasn't in a great state financially. But for the appeal, I honestly tried, and I just could not get a lawyer. I think I really needed one. But I thank you for listening and for the five minutes. Thank you, Ms. Maruschka. Do you have any questions for me? No. I think we have your argument. Okay. Thank you so much. Thank you. Good morning. May it please the court, my name is Ana Shields. I represent defendant of Haleigh Richmond University Medical Center, which I can refer to as RUMC. The case before us presents a very straightforward question that this court has answered repeatedly. Does Title VII require an employer to violate state law in order to grant a religious exemption from a mandatory vaccination requirement? The answer is no. Judge Cometty's well-reasoned decision is squarely in line with this court's precedent, and appellant has failed to show any error below. The core issue in this case is simple. In August of 2021, the New York State Department of Health issued an emergency regulation requiring all healthcare facilities, including RUMC, to vaccinate covered personnel against COVID-19. The mandate permitted medical exemptions, but it expressly did not provide for religious exemptions. Ms. Mureska was an ICU nurse, squarely falling within the definition of covered personnel, and she admittedly refused to vaccinate. She did not seek reassignment, a leave of absence, or other accommodation that would have removed her from the category of covered personnel. Your allegation is that there was no response to the request that she made, and it seems like an accommodation process would be what would follow from that. Is that right? So that's not correct, Your Honor. There was an accommodation process. The record shows two things. First, from September through October of 2021, RUMC did accommodate by permitting weekly testing while she remained unvaccinated. It also provided her with a religious accommodation request form, which is in our supplemental appendix beginning, I think, at SA30. The same form that was given to all covered personnel seeking religious accommodations, it specifically invited Ms. Mureska to identify the accommodation that she was requesting. She did complete that form. She confirmed the only change that she sought, just as is alleged in her initial complaint and her amended complaint and today, the change she sought was to be exempt from the vaccination. She did not ask for reassignment, remote work, or any other alternative. So I think the premise of the question that RUMC didn't engage is not supported by this record. As this court held in We the Patriots, USA v. Hochul, Title VII does not require covered entities to provide the accommodation that plaintiffs prefer, in this case, a blanket religious exemption, allowing them to continue to work in their current positions unvaccinated. Granting that exemption would have required RUMC to violate state law, and this court has held consistently and unequivocally that an accommodation requiring the employer to violate the law constitutes a per se undue hardship. In Brachia v. Northwell Health, decided just last year, this court confirmed that under our precedent in the Second Circuit, such an accommodation that would require an employer to violate the law poses an undue hardship. The same result was reached in Dakuna v. Northwell Health, which held that violating the DOH mandate would be both excessive and unjustifiable, even under the Groff standard. Those are both up at the Supreme Court right now, or they've been petitioned? I'm sorry? Both of those cases have been taken to the Supreme Court for petition. Is that right, or is it just one of them? I believe it's just one of them, Your Honor. An appellant argues that the mandate's allowance of medical exemptions but not religious exemptions is somehow discriminatory. But as this court held in Russo, that was the state's distinction, not the employer's. Any such challenge could have been directed at state officials. Rumsey didn't write this mandate. It was obligated to comply with it, and it applied regardless of Ms. Maresca's specific religious belief, whether she were Catholic or something else. They followed the mandate. Just briefly also, appellant's hostile work environment claim was correctly dismissed. It rested on two things. One, single offhand remark by an HR official who allegedly said, quote, your pope okayed it. And the fact that she was asked to fill out that same standard religious accommodation request form that I referenced previously. Neither comes close to meeting this court's standard for severe and pervasive conduct to lead to harassment under Title VII. In Freud, this court affirmed dismissal of a hostile work environment claim where the remarks were far worse, made about a plaintiff's Jewish faith. Conduct that was a lot more egregious than what's being alleged here. And as far as the questionnaire, that was a standard form provided to all personnel seeking religious accommodations, regardless of their particular religion. So it's reflected, what it really did that form is it reflected Rumsey's effort to reasonably accommodate its staff and engage in the interactive process. It didn't reflect retaliation. It didn't reflect harassment. And then lastly, with respect to retaliation, that claim fails for a simple reason. There is no but-for causation. The DOH mandate required that all covered personnel be vaccinated. Ms. Mareska refused. And as she admits, Rumsey terminated her for that refusal, not because she requested an accommodation. Thank you. Thank you. We will take the case under advisement.